JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Lafayette Harris appeals from his conviction for harassment by an inmate in violation of R.C. 2921.38. He argues that the statute defining this crime violates his rights to due process and equal protection and is therefore unconstitutional. He also argues the court erred by imposing the maximum sentence. For the following reasons, we affirm.
 {¶ 2} The one count indictment issued in this case on August 15, 2001 charged that Harris "did, while being confined in a detention facility, with knowledge that he was a carrier of the virus that causes acquired immunodeficiency syndrome and with intent to harass, annoy, threaten, or alarm another person, to-wit: I.G. Beckman #3785, cause or attempt to cause I.G. Beckman #3785 to come in contact with blood, semen, urine, feces, or another bodily substance by throwing the bodily substance at him, or by expelling the substance upon him, or in any other manner." Immediately before trial began on December 4, 2001, the state moved the court to amend the indictment to delete the allegation that appellant acted with knowledge that he was a carrier of the virus that causes AIDS. This amendment reduced the level of the offense from a third degree felony to a fifth degree felony.
 {¶ 3} The jury found appellant guilty. The court sentenced him to 12 months' imprisonment plus a $250 fine and court costs.
 {¶ 4} In his first assignment of error, appellant urges that the statute defining "harassment by an inmate" violates the equal protection and due process clauses of the United States and Ohio constitutions. Appellant initially argues that an ordinary citizen would not know that the conduct prohibited by the statute is a felony and not just a minor misdemeanor. He claims the statute is vague and irrational for this reason, and that the punishment for the offense is so disproportionate that it "shock[s] the moral sense of the community." All of these arguments are unavailing.
 {¶ 5} Appellant asserts that the statute violates his right to due process because it is void for vagueness. The purpose of the void-for-vagueness doctrine is to prevent arbitrary and discriminatory enforcement and to ensure that a person of ordinary intelligence is able to determine what conduct is prohibited. State v. Williams (2000),88 Ohio St.3d 513, 532; Akron v. Rowland (1993), 67 Ohio St.3d 374, 381. Appellant does not contend that a reasonable person would not understand what conduct was prohibited, nor does he claim that the statute was subject to arbitrary enforcement. His arguments concern only the extent of the punishment that can be imposed for this offense, not the statute's description of the prohibited conduct. The void-for-vagueness doctrine is inapplicable to this concern. Therefore, appellant has not shown the statute violates his due process rights.
 {¶ 6} Appellant next claims the statute is irrational because it prohibits the same conduct prohibited by another statute, R.C. 2917.11, and attaches a greater penalty to it. This argument is fallacious because the conduct proscribed by R.C. 2917.11 and 2921.38 is not the same. R.C.2917.11 prohibits disorderly conduct, that is, "recklessly caus[ing] inconvenience, annoyance, or alarm to another" by doing various things, while R.C. 2921.38 prohibits a person confined in a detention facility from causing or attempting to cause another person to come into contact with various "bodily substances" "with intent to harass, annoy, threaten or alarm" him or her. Thus, the forbidden behavior in the crime of disorderly conduct is the causing of annoyance or alarm to another; "harassment by an inmate" consists of causing contact or attempted contact with bodily substances. To violate R.C. 2921.38, the offender must be an inmate; there is no such limitation on the identity of the offender committing disorderly conduct. These facts demonstrate that the statutes do not prohibit the same conduct and undermine the basis for appellant's argument.
 {¶ 7} If we assume that R.C. 2917.11 and R.C. 2921.38 prohibit the same conduct, equal protection analysis would require us to determine whether the differing classifications bear a rational relationship to a legitimate state purpose. State v. Williams (2000), 88 Ohio St.3d 513,530. We find that the state can rationally distinguish between misconduct by an inmate and by others and punish misconduct by an inmate more severely. The need to maintain order in a prison setting, and to protect persons under the state's aegis as employees, inmates or visitors there, provides ample justification for differing treatment. In addition, health concerns justify more severe treatment of harassing conduct involving contact with bodily substances than other forms of harassment or annoyance.
 {¶ 8} Appellant's contention that R.C. 2921.38 violates federal and state prohibitions against excessive, cruel or unusual punishment hardly requires a response. The state can rationally punish harassment by an inmate more severely than disorderly conduct, so the differing punishments do not demonstrate that the punishment here is excessive. Cf.State v. Campbell (1997), 117 Ohio App.3d 762, 769 ("`[i]f more serious crimes are subject to the same penalty, or to less serious penalties, that is some indication that the punishment at issue may be excessive.'")
 {¶ 9} Therefore, we overrule appellant's first assignment of error.
 {¶ 10} In his second assignment of error, appellant claims the court erred by imposing the maximum sentence on him. R.C. 2929.14(C) provides that a court imposing sentence on a felony offender "may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * *, and upon certain repeat violent offenders * * * *" Under R.C. 2929.19(B)(2)(d), the court must make a finding that gives its reasons for imposing the maximum prison term. Appellant argues the court did not give its reasons for finding that he committed one of the most serious forms of the offense.
 {¶ 11} In sentencing appellant, the trial court said:
 {¶ 12} "THE COURT: All right. The Court takes the following factors into consideration in its sentencing. The court considers the lengthy record of — of Mr. Harris, including many acts of violence which would e [sic] include a felonious assault case with a conviction on October 3rd of 1994. The Court, also takes into consideration a robbery conviction that occurred on December 12th of 1985. The Court takes into consideration an additional felonious assault case in front of James J. Sweeney, the conviction would have been in 1985 as well. The Court considers his numerous incarcerations. The Court consideration [sic] the fact that he has shown no remorse. The Court feels that the minimum sentence would demean the seriousness of this offense and that the only way the Court can have any impact upon his behavior, as well as the impact this guy's place in society in terms of criminal activity is to not give him the maximum sentence [sic].
 {¶ 13} "Therefore, the Court feels that a minimum prison sentence would demean the seriousness of his conduct and would not adequately protect the public from future crime. The Court, also, considers the operative facts in making these findings as well as the numerous indications that the Court indicated previously. The Court does find on the record that the defendant that the offender has committed one of the most serious forms of the offense and that the offender poses the greatest likelihood of committing future crime in light of his prior record and that he is a repeat offender.
 {¶ 14} "Therefore, the sentencing of the Court is $250 and costs, 12 months at the Lorain Correctional Institution."
 {¶ 15} The Court's recitation of appellant's prior convictions and its determination that appellant showed no remorse for his actions in this case provided ample support for the court's conclusion that appellant posed the greatest likelihood of committing future crimes. Therefore, the Court did not err by imposing the maximum sentence on him. The second assignment of error is also overruled.
Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J. and ANN DYKE, J. CONCUR.